IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00946-BNB

LEROY MIKE QUINTANA,

    Plaintiff,

v.

EXECUTIVE DIRECTOR COLO. DEPT. OF CORR., et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 1 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Leroy Mike Quintana, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Quintana has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Quintana is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Quintana will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Quintana and finds that it is deficient because it is not clear who Mr. Quintana is suing in this action. Mr. Quintana identifies one Defendant in the caption of the complaint, the Executive Director of the DOC, but he does not assert any claims against the Executive Director of the DOC in the complaint and he does not allege that the Executive Director of the DOC personally

participated in the alleged violations of his constitutional rights. Furthermore, it appears that Mr. Quintana may intend to assert his claims against multiple defendants because he uses "et al." in the caption of the complaint and he refers to plural "Defendants" throughout the text of the complaint. However, if Mr. Quintana does intend to sue anyone other than the Executive Director of the DOC in this action, he fails to identify who the other Defendants are.

Therefore, Mr. Quintana will be ordered to file an amended complaint in order to clarify who he is suing. Mr. Quintana is advised that, pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[i]n the complaint the title of the action shall include the names of all the parties." Therefore, Mr. Quintana should identify each Defendant in the caption of the amended complaint and he may not use "et al." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."

Mr. Quintana also must provide specific factual allegations in his amended complaint that detail how each named Defendant personally participated in the asserted constitutional claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Quintana must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each

Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Quintana is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Quintana should name as Defendants in the amended complaint the persons he believes actually violated his constitutional rights. Furthermore, in order to state a claim in federal court, Mr. Quintana's amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Quintana file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Quintana, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Quintana fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 21, 2009, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00946-BNB

Leroy Mike Quintana
Prisoner No. 117400
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/21/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk