IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00946-CMA-KLM

LEROY MIKE QUINTANA,

     Plaintiff,

v.

JOHN DOE #1, Colorado Department of Corrections Classification Panel Member,
JOHN DOE #2, Colorado Department of Corrections Classification Panel Member,
JOHN DOE #3, Colorado Department of Corrections Classification Panel Member,
CHAD CHADDICK, Pueblo, Colorado, Parole Officer,
JOHN DOE #4, Mental Health Therapist, Sex Offender Treatment Program,
JOHN DOE #5 Mental Health Therapist, Sex Offender Treatment Program,
WENDY KENDALL, Colorado Springs, Colorado, Parole Officer,
JANE DOE #1, Colorado Springs, Colorado, Parole Officer, and
JAMIE SOUCIE, M.S. Mental Health Therapist, Sterling Correctional Facility,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants' **Motion to Dismiss** [Docket No. 23;

Filed September 21, 2009]**.**  Plaintiff is appearing *pro se* and has not responded to the

motion, and the deadline has long passed.[1]  Pursuant to 28 U.S.C. § 636(b)(1)(A) and

D.C.COLO.LCivR 72.1.C, the matter has been referred to this Court for recommendation.

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based
solely on a failure to respond to a dispositive motion, the District of Colorado Local Civil Rules
do not specify that failure to respond to a motion may be deemed as consent to its entry. *See*
D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se*
plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's
failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.,*
85 Fed. Appx. 127, 130 (10th Cir. 2003).

The Court has reviewed the Motion, the entire case file and applicable law and is sufficiently advised in the premises. For the reasons stated below, I RECOMMEND that the Motion be **GRANTED IN PART and DENIED IN PART** and that the case be **DISMISSED**.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Colorado Department of Corrections ("CDOC") at the Sterling Correctional Facility in Sterling, Colorado ("Sterling"). *Amended Complaint* [#9] at 2. He is challenging CDOC's classification of him as a sex offender. He names as Defendants Parole Officer Chad Chaddick, Parole Officer Wendy Kendall, Janie Soucie, a mental health therapist at Sterling, a number of John Does, and a Jane Doe.

Plaintiff alleges that in 2001 he was falsely accused and arrested for sexual misconduct. *Id.* at 5. He claims that he was "cleared of any and all sexual charges." *Id.* In May 2003, Plaintiff was convicted of "eluding" and sentenced to 18 months and a two year term of parole. *Id.* He alleges that near the end of his imprisonment term, he was informed that as a condition of his parole he was required to attend Sex Offender Treatment and Management Program ("SOTMP") classes. *Id.* He was initially classified by CDOC as an S-4, a sex offender with a 4 rating. *Id.* This classification applies to inmates "whose history indicates sexual assaults or deviance for which they may not have been convicted" because "[t]hese cases often involve plea bargains where the factual basis of the crime involved a sex offense." The category includes misdemeanor convictions and juvenile convictions for sex offenses. *Mariani v. Stommel*, 251 Fed. Appx. 536, 538 (10th Cir. 2007) (quoting CDOC AR 700-19).[2]

_____

[2] The Tenth Circuit Court of Appeals recently considered whether matters outside the pleadings may be used in determining a motion to dismiss. In *Arocho v. Nafziger,* No. 09-1095, 2010 WL 681679 (10th Cir. Mar. 1, 2010), an unpublished decision, the Court stated that it is

In June or July 2004, Plaintiff had a classification hearing before a three-judge panel (Defendants John Doe #1, #2, #3). *Id.* at 5-6. The panel decided that Plaintiff's classification should remain as S-4. *Id.* at 6.

In September 2004, Plaintiff was paroled. *Id.* He met with his parole officer, Defendant Chaddick, and was informed that because of his S-4 classification, Plaintiff had to pay for and attend sex offender treatment classes, even though Plaintiff insisted he was not a sex offender to Chaddick and to SOTMP therapists, John Doe #4 and John Doe #5. *Id.* He had to attend classes every week for three months. *Id.* He alleges that Chaddick and SOTMP therapists maliciously harassed and tormented him and accused him of lying and of being in denial about his problem. *Id.* Plaintiff's parole was revoked, he alleges, "for reasons evolving [sic] around harassment of me being a sex offender." *Id.*

Following his parole violation sentence, Plaintiff was released on parole in January or February 2006. *Id.* He alleges that Parole Officer Kendall and Jane Doe #1 treated him the same way as the other Defendants. He was again ordered to attend SOTMP classes

---

improper to decide a motion to dismiss on the basis of any evidence outside the pleadings. *Id.* at *7 n. 12 (citations omitted). However, this decision should not foreclose this Court from considering CDOC's administrative regulations. First, the decision is unpublished and thus has no precedential value. *See* 10th Cir. Civ. R. App. P. 32.1(A). *Arocho*'s bright-line rule against consideration of attachments to a motion to dismiss is inconsistent with Tenth Circuit precedent. *See, e.g., Rzepiennk v. Archstone-Smith, Inc.*, 331 Fed. Appx. 584, 588 (10th Cir. 2009) (on motion to dismiss, court may consider attachments referred to in the complaint); *Pace v. Swerdlow*, 519 F.3d 1067,1072 (10th Cir. 2008) (collecting Tenth Circuit cases). Plaintiff cites the S-4 classification a number of times in his Amended Complaint and it is germane to the issues raised by Plaintiff. The administrative regulation used to classify Plaintiff is Attachment A to the Motion Dismiss [#23]. There are no factual disputes about the contents of the administrative regulation. Plaintiff has not challenged the inclusion of the regulation as an attachment to the motion. Unlike *Arocho*, this case does not involve an affidavit but CDOC documents. Moreover, the Court may take judicial notice of CDOC administrative regulations. *Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984). I also note that CDOC's administrative regulations can be viewed on its website, https://exdoc.statecousoperations.php.

and experienced "malicious harassment of me being in denial ..." *Id.* Later in 2006, Plaintiff's parole was revoked and he was ordered to serve a parole violation sentence. *Id.* at 6-7.[3] In August 2006, Plaintiff was released on parole again. *Id.* at 7.

In November 2007, Plaintiff was convicted of burglary and menacing and was sentenced to ten years imprisonment. *Id.* CDOC placed him at Sterling, where he was classified as a S-4D, i.e. a sex offender in denial. *Id.* He alleges that when he first met with Defendant Soucie, a Mental Health Therapist, he told her that he was not a sex offender. *Id.* According to Plaintiff, Soucie responded "that it was time that I manned-up and came out of denial so she could help me." *Id.*

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. He alleges that Defendants violated his Sixth Amendment right to be presumed innocent by sanctioning him as a convicted sex offender, even though he was not guilty or convicted of a sex offense. *Id.* at 9. He also alleges that Defendants' error in labeling him a sex offender recklessly endangered his life and well-being. *Id.* at 11. Moreover, he alleges that Defendants were deliberately indifferent to his innocence and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. *Id.* Claim Three alleges a Fourteenth Amendment violation. He asserts that Defendants illegally classified him and caused damage to his person without due process or equal protection because Defendants were not disciplined for their conduct, and Plaintiff's numerous complaints have not been addressed or investigated. *Id.* Plaintiff seeks monetary damages. He also seeks changes in CDOC regulations involving the treatment of sex offenders. *Id.* at 14.

---

[3] Plaintiff does not specify the exact date his parole was revoked or the date he began serving his sentence, but based on the allegations in the Amended Complaint those events occurred between January and August 2006.

Defendants move to dismiss on a number of grounds.  They contend that claims against them in an official capacity are barred by Eleventh Amendment immunity and that they are entitled to qualified immunity on Plaintiff's  monetary claims.  Defendants assert that Plaintiff's challenge to his sex offender classification hearing is barred by the statute of limitations and, in any event, Plaintiff has no right to challenge his sex offender classification.

Defendants also bring challenges to the adequacy of the alleged § 1983 claim. Defendants contend that Plaintiff has not alleged sufficient personal participation by Defendants in the alleged constitutional violations and that Plaintiff fails to state an Eighth Amendment claim.  Finally, Defendants assert that Plaintiff cannot recover compensatory damages because he has not alleged a physical injury as a result of Defendants' alleged conduct, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).

## II.    ANALYSIS

### A.    Standard of Review

Defendants move to dismiss the Amended Complaint based on a lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b), and for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6).  Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  *Steel Co.*

*v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint

6

must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 129 S.Ct. at 1949 (citation and quotation omitted).

## B.    Plaintiff's Status

The Court must construe the filings of a *pro se* litigant liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## C.    Eleventh Amendment

Plaintiff seeks monetary damages against the named Defendants, who are officers and agents of the State of Colorado. A suit against state employees in their official capacities is considered to be a suit against the state itself. *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment protects states and their agents from suit in their official capacities. *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000). Further, "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). Accordingly, to the extent that Plaintiff seeks monetary damages against Defendants in their official capacities, his claims must be dismissed.

To the extent that Plaintiff asserts any claim for injunctive relief, it is not barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (noting "that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"); *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1190 (D. Colo. 1999) (concluding that "federal jurisdiction over the individual Defendants in their official capacities for prospective [injunctive] relief is not barred by the Eleventh Amendment ...."). Plaintiff requests a change in CDOC policies and regulations, a form of injunctive relief. However, whether Plaintiff has stated a sufficient constitutional claim entitling him to injunctive relief is addressed below.

**D.      Statute of Limitations**

Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). In Colorado, the limitation on a personal injury claim brought pursuant to Section 1983 is two years. *See* Colo. Rev. Stat. § 13-80-102(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other

8

actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim). However, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Federal law provides that "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969. That is, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted).

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich*, 627 F.2d at 1041 n. 4.

Plaintiff's claims arise from a sex offender classification hearing held in June or July 2004. *Amended Complaint* [#9] at 5. He alleges that Defendants violated his rights by finding that he was a sex offender based on criminal matters that had been previously dismissed in state court. *Id.* Plaintiff alleges that his parole officers also violated his constitutional rights by treating him as a sex offender.

Defendants contend that Plaintiff's claims accrued on the date of the sex offender classification hearing. They assert that Plaintiff did not initiate his case until April 24, 2009,

the date he filed his first complaint, more than two years after he knew or had reason to know of the existence and cause of the injuries which are the basis of his constitutional claims. Thus, they argue that pursuant to the two-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-102, Plaintiff's claims are time-barred.

It is true, as Defendants state, that Plaintiff's claims arise from the classification hearing in 2004. However, the Amended Complaint alleges that Plaintiff's constitutional injuries are ongoing and continue from the date of the classification hearing to the present. *See, e.g., Amended Complaint* [#9] at 7, 9. As a result, the statute of limitations may be subject to equitable tolling.

The issue of tolling is governed by Colorado state law. *Fratus*, 49 F.3d at 675. Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). The doctrine of tolling is "not favored," and the Colorado Supreme Court "has never found" that the requisite "extraordinary circumstances" existed to justify tolling a statute of limitations. *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 150 (Colo. 2007)(en banc)*; Olson v. State Farm Mut. Auto Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007). Finally, the burden lies with Plaintiff to prove that the statute of limitations has been equitably tolled. *See Roberts v. Barreras,* 484 F.3d 1236, 1241 (10th Cir. 2007).

Plaintiff alleges ongoing unconstitutional conduct by Defendants. This assertion raises the continuing violation doctrine as an issue. The doctrine "would permit a plaintiff to challenge incidents that occurred outside of the statute of limitations if the incidents 'are

sufficiently related and thereby constitute a continuing pattern' of wrongful conduct." *Fogle v. Pierson*, No. 05-cv-01211-MSK-CBS, 2008 WL 821803, at *5 (D. Colo. Mar. 26, 2008) (quoting *Hunt*, 17 F.3d at 1266). The doctrine, which is employed in Title VII litigation, has never been definitively applied in this context. Indeed, courts in this district have recognized that the "Tenth Circuit has not determined whether the continuing violation doctrine should be applied to complaints filed under 42 U.S.C. § 1983." *Id.* at *4. While there is no clear precedent regarding the doctrine's application to the present case, the Tenth Circuit has conclusively held that the continuing violation doctrine "is simply not applicable" to other civil rights actions brought pursuant to Title 42. *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997) (rejecting the doctrine's application to 42 U.S.C. § 1981 claims).

I need not decide whether equitable tolling and the continuing violation doctrines apply here. Because the statute of limitations defense is not patently clear from the face of the Amended Complaint, nor based on adequately developed facts, the Court is unable to determine on a motion to dismiss whether Plaintiff's claims are barred by the statute of limitations. *See Dummar*, 543 F.3d at 619; *Aldrich*, 627 F.2d at 1041 n. 4. Accordingly, the Court recommends denying the Motion to Dismiss on statute of limitations grounds.

## E.    Personal Participation

"Because vicarious liability is inapplicable to ... §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. Personal participation is an essential allegation in a civil rights action. *Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant

11

caused the deprivation of a federal right.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

An affirmative link must exist between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

As noted above, Plaintiff's claims arise from a decision to classify him as sex offender.  Defendants argue that Plaintiff does not allege that the named Defendants participated at all in that decision.  Defendants are correct.  However, Plaintiff alleges that Defendants have violated his constitutional rights. He asserts that Defendants have tormented and harassed him because of his sex offender status.  Furthermore, he claims that Defendants did not address any of his complaints regarding his involuntary attendance at SOTMP classes.  He alleges that his well-being has been affected by Defendants.

I conclude that Plaintiff has pled sufficient facts regarding personal participation to survive a motion to dismiss**.**

F.    **Eighth Amendment Claim**

Plaintiff claims that by classifying him as a sex offender, Defendants have violated his Eighth Amendment rights. *Amended Complaint* [#9] at 10.  Specifically, Plaintiff alleges that Defendants ordered him by force to attend and pay for sex offender treatment while he was on parole.  He claims that by being labeled a sex offender his life and well-being are in danger.  According to Plaintiff, Defendants' actions have defamed his character and damaged his reputation.  He has been accused of lying and being in denial about his sex offender status.

The Eighth Amendment requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing,

shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citation omitted).  An Eighth Amendment claim has both an objective and subjective element. *Id.*  The objective component requires that the alleged deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  However, prison conditions may be "restrictive and even harsh" without a constitutional violation occurring. *Barney*, 143 F.3d at 1311 (citation omitted).  That is, "only those deprivations denying the minimal civilized measures of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (internal citation omitted).  To satisfy this element, the inmate must allege facts showing a deprivation of "a single, identifiable human need such as food, warmth, or exercise . . . ." *Id.* at 304.

The subjective component is satisfied only if the "'[prison] official knows of and disregards an excessive risk to inmate health and safety.'" *Barney*, 143 F.3d at 1310 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "It is not enough to establish that the official should have known of the risk of harm." *Id.*  Instead, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 838.  When considering these components, the Court's inquiry turns not only on the severity of the alleged deprivation, but also on its duration. *See Barney*, 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration.").

Plaintiff claims that labeling him a sex offender and requiring him to attend SOTMP classes and to pay for them is cruel and unusual punishment. *Amended Complaint* [#9] at

13

8. Losing certain privileges as the consequence of CDOC classification as a sex offender does not amount to cruel and unusual punishment. *See Gwinn v. Awmiller*, 354 F.3d 1211,1228 (10th Cir. 2004). To the extent that certain restrictions on prisoners are "restrictive or even harsh," they are often the natural consequences of crimes for which the prisoners were sentenced. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff alleges that his life and well-being are being placed in jeopardy by his sex offender classification. *See Amended Complaint* [#9] at 10. Because Plaintiff has not identified any actual threats, this is not a valid Eighth Amendment claim. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Plaintiff's other claims are also without merit. Threats, verbal harassment and abuse do not constitute an Eighth Amendment violation pursuant to 42 U.S.C. § 1983. *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *Abeyta v. Chama Valley Independent School Dist. No. 19*, 77 F.3d 1253, 1256 (10th Cir. 1996). Finally, damage to one's reputation is not sufficient to support a § 1983 claim. *Gwinn*, 354 F.3d at 1216.

Plaintiff's sex offender status does not constitute cruel and unusual punishment. Accordingly, I RECOMMEND that the Eighth Amendment claim be dismissed.

## G. Challenge to Classification Decision

At stated above, Plaintiff's claims arise from the CDOC's decision to classify him as a sex offender. Plaintiff alleges that he never has been convicted of a sex offense and the hearing panel based its decision on state court charges that were dismissed. Though not labeled as such by Plaintiff, the Amended Complaint does allege that Plaintiff was denied his right to due process as well as equal protection. Plaintiff is challenging the evidence used at the classification hearing. Plaintiff's Sixth Amendment claim also challenges the

merits of the classification. Therefore, the Sixth Amendment and Fourteenth Amendment claims are addressed here.

1. Due Process

Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). While it is true that "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 229 (2001), "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff*, 418 U.S. at 555-56. In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest. *Id.* Second, a plaintiff must show the procedures utilized were inadequate under the circumstances. *Id.* at 1149.

The Constitution does not in itself create any liberty or property interest and therefore "[t]he Due Process clause standing alone confers no liberty interest in freedom from state action 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (citation omitted). Rather, liberty interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). For prisoners, a liberty interest is only found in a "restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

An inmate has a protected liberty interest in not being labeled a sex offender and is entitled to due process before receiving such a label. *Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1243 (10th Cir. 2000). The procedural requirements for a sex offender classification decision are set forth in *Wolff, supra. Gwinn*, 354 F.3d at 1219; *see also Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). Those requirements are: notice of the charges, an opportunity to present witnesses and evidence in defense of the charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Gwinn*, 354 F.3d at 1219. Additionally, due process requires "some evidence" to support the decision and an impartial decisionmaker. *Wolff*, 418 U.S. at 592.

Plaintiff challenges the evidence relied on by Defendants to classify him as a sex offender. In determining whether a factfinder's decision is supported by sufficient evidence, the court need not conduct an "examination of the entire record, independent assessment of witnesses' credibility or weighing of the evidence. Instead, the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). The decision can be upheld if the evidence supporting the decision is "meager." *Id.* at 457. For example, the decision can be supported by hearsay evidence in a presentence report, *Gwinn*, 354 F.3d at 1219, or an uncorroborated incident report, *Longstreth v. Franklin*, 240 Fed. Appx. 264, 267 (10th Cir. 2007). Due process does not require that the evidence supporting a disciplinary charge be "overwhelming or unambiguous." *Starkweather v. Archuleta*, No. 06-cv-01289-WDM-BNB, 2008 WL 2323878, at *3 (D. Colo. June 4, 2008).

Defendants contend that Plaintiff has failed to state a due process claim because prison officials may rely on cases where Plaintiff was "criminally charged, but not convicted, of a sex related offense" in determining an inmate's classification. *Motion* [#23] at 12. The information that Plaintiff contends  was relied upon by prison officials in the classification hearing is contained in a document attached to the Amended Complaint.  The document appears to be a court record from Chaffee County indicating that Plaintiff was charged with unlawful sexual contact and assault in the third degree.  According to this document, the District Attorney dismissed the charges for lack of evidence and because there was a false report of the charges. *Amended Complaint* [#9] at 17.[4] Plaintiff concedes that he was charged with sexual misconduct, but that the dismissal precludes its consideration for the classification determination. *Id.* at 5-6.

An inmate who has not been convicted of a sex offense may still be classified as a sex offender if the prison provides him procedural due process. *Gwinn*, 354 F.3d at 1218-19. This document presented by Plaintiff is sufficient to meet the "meager" evidentiary requirement for due process.  Plaintiff has not stated a claim for a due process violation.[5]

_____

[4] As noted above in footnote 2, consideration of the document attached to the Amended Complaint may be limited.  However, the Tenth Circuit has held that "a document central to the plaintiff's claim may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute." *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005).  Here, the attached document is vital to Plaintiff's claim. The document is quoted in the Amended Complaint.  Defendants do not challenge the authenticity of the documents.  The facts contained in the document are not disputed by the parties.  None of these factors were present in *Arocho, supra.*  Therefore, the Court will consider this document in resolving the Motion to Dismiss.

[5] Plaintiff's Sixth Amendment claim is that the hearing panel denied him the presumption of innocence.  The panel's reliance on conduct that did not lead to a criminal conviction in making its classification decision is not an unconstitutional presumption. *See Gwinn*, 354 F.3d at 1219. In addition, because I find that Plaintiff's constitutional claims must ultimately be dismissed, the claim for injunctive relief must also necessarily be dismissed. *See Blevins v. Reid,* No. 06-cv-00969, 2008 WL 2428941 at *11 (D. Colo. June 12, 2008).

2. Equal Protection

The Equal Protection Clause of the Fifth Amendment prohibits the government from treating similarly situated individuals differently. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order for a plaintiff to state an equal protection claim, he must allege that the defendants either denied him a fundamental right or provided differential treatment based on a suspect classification. *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995). If the plaintiff is not a member of a protected class and does not assert a fundamental right, the Court must only determine whether the alleged discriminatory action has a rational basis. *Id.*; *see also Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) (holding that "absent an allegation of a suspect classification, our review of prison officials' differing treatment of various inmates is quite deferential" and considers only whether the treatment was "reasonably related to a legitimate penological purpose").

Plaintiff's claim is subject to dismissal where he fails to identify any inmate similarly situated to him. *Id.; see also Keck v. Zenon*, 240 Fed. Appx. 815, 819-20 (10th Cir. 2007) (dismissal of equal protection claim proper when inmate fails to offer facts that similarly situated inmates subject to administrative segregation); *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (given that decision to segregate inmate was discretionary and based upon a number of factors, dismissal proper when inmate unable to identify similarly situated inmate). Plaintiff has failed to identify the suspect classification that applies or name other inmates similarly situated who were treated differently. The equal protection claim is without merit.

**H.    Qualified Immunity**

18

Defendants assert that they are entitled to qualified immunity from suit on Plaintiff's claims. Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity also offers protection from trial and other burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Court's analysis of qualified immunity in the context of a 12(b)(6) motion is a two-part process. One part of the inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next ... is to ask whether the right was clearly established." *Id.* A court may review these factors in any order, using its discretion to determine which of the factors should be reviewed first in light of the circumstances of the case. *Pearson v. Callahan,* 129 S.Ct. 808, 818 (2009).

As I have concluded above, Plaintiff has not stated a tenable § 1983 claim for any of the constitutional violations alleged in the Amended Complaint. Therefore, it is unnecessary to consider the second prong of the qualified immunity analysis. *See Saucier*, 533 U.S. at 201. The individual Defendants are entitled to qualified immunity on Plaintiff's claims for monetary relief.

I.      **Prison Litigation Reform Act**

Plaintiff is seeking $10,000 in compensatory damages and $ 150,000.00 in punitive

damages. *Amended Complaint* [#9] at 14. Defendants move to dismiss Plaintiff's claim for monetary relief on the ground that Plaintiff has not asserted any physical injury in his complaint.

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Pursuant to 42 U.S.C. § 1997e(e), Plaintiff's "suit cannot stand unless [he] has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (holding that § 1997e(e) bars compensatory "damages for mental and emotional injuries in the absence of physical injury").

Here, Plaintiff has not identified in the Amended Complaint what, if any, physical injury was caused by Defendants' conduct. He merely states that "[a]ll physical, financial, mental and psychological damages done to me" was caused by Defendants. He provides no detail on the nature of any afflictions he has suffered because of Defendants' conduct. Therefore, his claim for monetary damages must be dismissed pursuant to the PLRA.

**J.      John and Jane Does**

In the caption and body of the Amended Complaint Plaintiff identifies John Does #1-#5 and Jane Doe #1 as Defendants.[6] To the extent that Plaintiff named unknown parties in his complaint, he has failed to identify or serve them with a summons and complaint, or provide sufficient information for the Court to serve them. Plaintiff had 120 days from June

---

[6] In his Motion for Joinder/Amend, Plaintiff for the first time identifies the Jane Doe as Allison Sweeney, one of his parole officers. [#27] at 2. Nevertheless, the claims against her are subject to dismissal for failure to effect service, as discussed in more detail above.

25, 2009 – the date his complaint naming these unknown individuals was filed – within which to serve them. Service was required by October 23, 2009. Fed. R. Civ. P. 4(m) authorizes the Court to dismiss parties due to the failure to timely serve the summons and complaint. *See Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995); *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS-2008 WL 2020289, at *6 (D. Colo. May 9, 2008) . As such, I RECOMMEND that the unknown parties be dismissed as well.

### K.     Plaintiff's Motions

#### 1.     Amendment

Plaintiff has filed a **Motion for Joinder/Amend** [Docket No. 27; Filed October 26, 2009].[7] He seeks to add three defendants: Ari Zavaras, Executive Director of CDOC, Gary Golder, Director of Prisons, and Kevin Milyard, Warden, Sterling Correctional Facility.

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The Court may deny a proposed amendment as futile. *See Frank*, 3 F.3d at 1365

---

[7] As noted above, Plaintiff has not filed a response to the Motion to Dismiss.

(citing *Foman*, 371 U.S. at 182).  An amendment is futile if it would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether [a] proposed amended [pleading] is likely to survive a motion to dismiss, the court must construe the [pleading] in the light most favorable to [movant], and the allegations in the [pleading] must be accepted as true."  *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Further, "[a]ny ambiguities must be resolved in favor of [plaintiff], giving [him] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [his pleading]."  *Id.* (citation omitted).

I conclude that the Motion should be denied because the claim is futile and would not survive a motion to dismiss.   Plaintiff seeks to add these officials as parties based on their supervisory positions.  A defendant may not be held liable merely because of his or her supervisory position. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Instead, supervisory liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation.  *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).[8]

---

[8] The  Tenth Circuit has recently addressed the supervisory liability issue.  In *Arocho*, *supra* the Court stated that "given a recent Supreme Court pronouncement, the basic concept of § 1983 ... supervisory liability itself may no longer be tenable."  2000 WL 681679*,* at * 3 n. 4

Plaintiff's Amended Complaint does not contain the factual averments needed to establish the personal participation of Zavaras, Golder and Milyard, officials with CDOC, in the decisions and actions regarding Plaintiff's sex offender classification. Plaintiff simply alleges that these officials are responsible for the actions of their subordinates and that they oversee CDOC prison facilities. Plaintiff also alleges that he wrote letters to the officials challenging his classification, but never received a response.

Plaintiff cannot hold Defendant supervisors liable for an alleged constitutional violation that his grievances were denied. *See, e.g., Downing v. Clinton*, No. CV-5-177-CI, 2006 WL 3054314, at *15 (E.D. Wash. Oct. 26, 2006) (in granting motion to dismiss, the court held that the defendant's receipt of grievances did not establish her personal participation in a constitutional violation); *Johnson v. G.E.O./Lawton Corr. Facility*, No. CIV-04-1407-C, 2005 WL 2739212 (W.D. Okla. Oct. 24, 2005) (holding that the plaintiff failed to state a claim for relief based upon a defendant's participation in the processing of a grievance); *Coates v. Sheahan*, No. 94 C 61071995, 1995 WL 430950, at *2 (N.D. Ill. July 18, 20051995) (holding that grievances submitted to a supervisory official are insufficient to establish that official's personal participation in a constitutional violation).

Plaintiff simply does not allege any specific facts to plausibly support a claim against Zavaras, Golder, and Milyard for any constitutional violations. Plaintiff has not alleged that these officials were in any way directly involved in Plaintiff's sex offender classification. Moreover, Plaintiff has not adequately alleged "an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the

---

(citing *Iqbal*, 129 S.Ct. at 1949). "After *Iqbal*, circuits that had held supervisors liable when they knew of and acquiesced in the unconstitutional conduct of subordinates have expressed some doubt over the continued vitality of even that limited form of liability." *Id.*

constitutional violation by the subordinates." *Serna v. Colo. Dept. of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006)(internal quotation marks and citations omitted). Therefore, I RECOMMEND that the Motion for Joinder/Amend be denied on the basis that the proposed amendment would be futile.

2.     Discovery Motion

Plaintiff has also filed a **Motion for Complete Cooperation/Part. Disc.** [Docket No. 28; Filed October 26, 2009] (the "Motion for Discovery").  He seeks an order requiring Defendants to provide the names of the individuals who decided to classify him as a sex offender and the names of all therapists that refused to change his classification.  Plaintiff requests a written transcript of the classification hearing, records of meetings with counselors, records of his sex offender classes and the payments he made to attend those classes.  Defendants have not responded to the Motion for Discovery.

I find that Plaintiff's discovery request should be denied as moot.  As noted above, Plaintiff's claims cannot survive a motion to dismiss.  Therefore, additional discovery would not be of assistance to Plaintiff's case.

**L.     Conclusion**

Plaintiff has asserted three constitutional claims pursuant to 42 U.S.C. § 1983, alleging violations of the Sixth, Eighth and Fourteenth Amendments. He seeks compensatory damages and injunctive relief.  For the reasons stated above, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART** as follows:

I FURTHER **RECOMMEND** that all claims for monetary relief be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) because claims for damages are barred by Eleventh

Amendment immunity, qualified immunity, and the PLRA.

I FURTHER **RECOMMEND** that the Sixth Amendment claim be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to sufficiently allege that his right to the presumption of innocence was violated by Defendants.

I FURTHER **RECOMMEND** that the Eighth Amendment claim be **DISMISSED** because Plaintiff has failed to allege conduct that constitutes cruel and unusual punishment.

I FURTHER **RECOMMEND** that the Fourteenth Amendment claim be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has not sufficiently alleged that he was deprived of due process or equal protection.

I FURTHER **RECOMMEND** that the claims against John Does #1-#5 and Jane Doe #1 be **DISMISSED** for lack of service of process.

I FURTHER **RECOMMEND** that the Motion to Dismiss all claims based on the statute of limitations be **DENIED**.

I FURTHER **RECOMMEND** that Motion to Dismiss the § 1983 claims based lack of personal participation be **DENIED**.

I FURTHER **RECOMMEND** that Plaintiff's Motion for Joinder/Amend [#27] be **DENIED** and that Plaintiff's Motion for Discovery [#28] be **DENIED**.

I FURTHER **RECOMMEND** that the case be **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ.

P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED:  April 14, 2010

BY THE COURT:

_s/ Kristen L.  Mix_____
Kristen L. Mix
United States Magistrate Judge