IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-00946-CMA-KLM

LEROY MIKE QUINTANA,

 Plaintiff,

v.

JOHN DOE #1, Colorado Department of Corrections Classification Panel Member,
JOHN DOE #2, Colorado Department of Corrections Classification Panel Member,
JOHN DOE #3, Colorado Department of Corrections Classification Panel Member,
CHAD CHADDICK, Pueblo, Colorado Parole Officer,
JOHN DOE #4, Mental Health Therapist, Sex Offender Treatment Program,
JOHN DOE #5, Mental Health Therapist, Sex Offender Treatment Program,
WENDY KENDALL, Colorado Springs, Colorado Parole Officer,
JANE DOE, # 1, Colorado Springs, Colorado Parole Officer, and
JAMIE SOUCIE, M.S. Mental Health Therapist, Sterling Correctional Facility,

 Defendants.

## ORDER AFFIRMING AND ADOPTING APRIL 14, 2010 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

  This matter is before the Court on a Motion to Dismiss filed by Defendants Chad Chaddick, Wendy Kendall, and Jamie Soucie. (Doc. # 23.) Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Fed. R. Civ. P. 72(a) and (b), and D.C.COLO.LCivR 72.1.C., the Motion to Dismiss was referred to Magistrate Judge Kristen L. Mix for a Recommendation by an Order of Reference dated July 17, 2009. (Doc. # 15.) On April 14, 2010, Magistrate Judge Mix issued a Recommendation that Defendants' Motion to Dismiss be granted in part and denied in part and that the case be dismissed. (Doc. # 36.) Plaintiff filed his objections on April 27, 2010. (Doc. # 40.) In light of the

objections, the Court has conducted the requisite *de novo* review of the issues, the Recommendation, and Plaintiff's Objections. For the reasons stated below, the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation in part,[1] and this case is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

The facts are detailed within the Magistrate Judge's Recommendation, which the Court incorporates herein. The Court will provide only a brief overview of the facts and procedural history and will expand on them, if necessary, within the analysis.

In 2003, Plaintiff Leroy Mike Quintana was convicted of a criminal offense and sentenced to a period of incarceration in the Colorado Department of Corrections ("CDOC"). (Doc. # 9 at 5.)[2] At the end of his sentence, Plaintiff was told he would have to complete Sex Offender Treatment Program classes because he was charged with sexual misconduct in 2001, even though the charges were dismissed and Plaintiff was never convicted. (*Id.*) Plaintiff told his case manager he was not a sex offender and received a hearing regarding this classification in front of a three-person panel in June or July 2004. (*Id.*) However, the panel concluded that Plaintiff should remain classified as a sex offender. (*Id.* at 6.)

Defendant was released on parole in September 2004, and because of his sex offender classification, he was required to pay for and go to sex offender treatment

---

[1] Because the Court's ruling on Rule 12(b)(6) grounds resolves the motion, the Court need not address whether the action should be dismissed on qualified immunity, on Eleventh Amendment immunity, or under 42 U.S.C. § 1997e(e).

[2] All page references are to the numbering used by the Court's CM/ECF docketing system.

classes. (*Id.*) He alleges that he was harassed at the classes; he was allegedly accused of lying and being in denial about being a sex offender. (*Id.*) He finished his parole in August 2006. (*Id.* at 7.)

Then, in November 2007, Plaintiff entered the CDOC system again to serve a ten-year sentence for burglary and menacing. (*Id.*) He continued to assert that he was not a sex offender, particularly in a meeting with Defendant Soucie, a mental health therapist. (*Id.*) However, Soucie allegedly told him that he should come out of denial so Soucie could help him. (*Id.*) Plaintiff refused and Soucie classified him as non-compliant. (*Id.*) Plaintiff remains classified as a non-compliant sex offender. (*Id.*)

On April 24, 2009, Plaintiff filed this suit pursuant to 42 U.S.C. § 1983 against the Executive Director of the CDOC. (Doc. # 3.) He filed an Amended Complaint on June 25, 2009, against various CDOC staffers. He claims that by classifying him as a sex offender, although he was never convicted, Defendants violated his: (1) Sixth Amendment right to be presumed innocent; (2) Eighth Amendment right to be free from cruel and unusual punishment because such classification placed him in imminent danger; and (3) Fourteenth Amendment right to due process and equal protection. (*Id.* at 9-12.) He requests compensatory damages, punitive damages, and an injunction ordering the CDOC to change its policy regarding non-convicted sex offenders. (*Id.* at 14.)

On September 21, 2009, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 23.) Defendants assert several grounds for dismissal: (1) Defendants are entitled to Eleventh Amendment immunity in their official capacities; (2) Plaintiff's claims are barred by the statute

3

of limitations; (3) Plaintiff's claims do not allege the personal participation necessary to state a claim under 42 U.S.C. § 1983; (4) Plaintiff did not state a Sixth, Eighth, or Fourteenth Amendment claim; (5) Defendants are entitled to qualified immunity; and (6) 42 U.S.C. § 1997e(e) bars Plaintiff's claims for compensatory damages. (*Id.* at 5-14.) On October 26, 2009, Plaintiff sought the Court's leave to add new defendants and sought the Court's assistance in the production of names of every therapist that refused to change his classification. (Doc. ## 27 and 28.)

On April 14, 2010, Magistrate Judge Mix issued her Recommendation on the outstanding motions, concluding that this suit should be dismissed on some of the grounds Defendants raised, including failure to state constitutional claims, Eleventh Amendment immunity, qualified immunity, and lack of service of process. (Doc. # 36 at 24-25.) She also concluded that Plaintiff's "Motion for Joinder/Amend" (Doc # 27) should be denied because it was futile and that Plaintiff's "Motion for Complete Cooperation/Part. Disc." (Doc. # 28) should be denied as moot. (Doc. # 36 at 24-25.) Plaintiff objected to the Recommendation and filed a Motion to Appoint Legal Attorney on April 27, 2010. (Doc. # 40.)

## II. STANDARD OF REVIEW

### A. RECOMMENDATION OF MAGISTRATE JUDGE

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th*

*Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). The objection must be filed within fourteen days of the Magistrate Judge's recommendations, Fed. R. Civ. P. 72(a), and must be specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *One Parcel of Real Property*, 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

**B.    *PRO SE* PLAINTIFF**

Because Plaintiff is proceeding *pro se*, the Court recognizes that he is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Where the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so," regardless of the plaintiff's confusion of legal theories or unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the Court cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Id.*

**C.    RULE 12(b)(1) MOTION**

The standard of review for a Rule 12(b)(1) motion is as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's

reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted). Moreover, it is the plaintiff's burden to demonstrate that the Court has subject-matter jurisdiction over this complaint. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

**D.     RULE 12(b)(6) MOTION**

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that" the alleged claim might have occurred. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citation and quotation marks omitted).

In evaluating the plausibility of a given claim, the Court "need not accept conclusory allegations" without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

## III. ANALYSIS

Magistrate Judge Mix's thorough Recommendation to dismiss the case rested on several grounds, as stated above. (Doc. # 36 at 24-25.) The Court will first address Plaintiff's failure to state a claim. The Court will conclude by addressing Plaintiff's outstanding motions.

### A. FAILURE TO STATE AN EIGHTH AMENDMENT CLAIM

Magistrate Judge Mix recommended that Plaintiff's Eighth Amendment claim be dismissed because: (a) Plaintiff's loss of privileges as a consequence of a sex offender classification does not amount to cruel and unusual punishment; (b) Plaintiff did not identify any actual threats, though he alleged imminent danger to his life; and (c) verbal harassment is not actionable under the Eighth Amendment. (Doc. # 36 at 14.) Plaintiff objects, arguing that the psychological harm he has had to endure amounts to cruel and unusual punishment. (Doc. #40 at 5.)

In order to have a cognizable Eighth Amendment claim against prison officials, a Plaintiff must allege facts demonstrating that: (1) the deprivation Plaintiff suffered is "sufficiently serious" (objective standard), and (2) the official had a culpable state of mind (subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A deprivation is sufficiently serious only if the deprivation "result[s] in the denial of the minimal civilized measure of life's necessities." *Id.* (citations and internal quotations omitted). Prison conditions may be "restrictive and even harsh" without meeting this factor. *Barney v. Pulshiper*, 143 F.3d 1299, 1311 (10th Cir. 1998). Moreover, being subjected to threats of abuse or the vague possibility of assault from other inmates is not sufficiently serious to give rise to an Eighth Amendment violation. *McBride v. Deer*,

7

240 F.3d 1287, 1291 n.3 (10th Cir. 2001).[3] However, prison officials must provide inmates with a minimum of safety. *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001). Thus, in certain narrow circumstances, where the official's conduct "is sure or very likely to cause serious injury at the hands of other inmates," the official violated the Eighth Amendment. *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)) (internal quotations omitted). For example, a prison guard telling other inmates that an inmate is a snitch, *id.*, or a sex offender, *Brown v. Narvais*, 265 Fed. Appx. 734, 735 (10th Cir. 2008) (unpublished), gives rise to an Eighth Amendment violation. Mere classification as a sex offender does not meet this factor. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004), *cert. denied*, 543 U.S. 860 (2004).

Concerning the second factor, an official acts with a culpable state of mind if he acts with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006), *cert. denied*, 549 U.S. 856 (2006) (quoting *Farmer*, 511 U.S. at 837) (internal quotations omitted). A plaintiff may plead facts that consist of "circumstantial evidence" giving rise to an inference that the official acted with deliberate indifference. *Id.* (quoting *Farmer*, 511 U.S. at 842.)

---

[3] *See also Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996); *Melanson v. Swindler*, No. 09-cv-02405-BNB, 2009 WL 4884188, at *1 (D. Colo. Dec. 15, 2009) (unpublished).

Plaintiff alleges that he has suffered "severe physical, psychological, mental, and financial distress," that his reputation has been harmed, that his "life and well-being" are in danger, and that he has been subject to harassment by Defendants all because of his sex offender classification. (Doc. # 9 at 10.) However, as previously stated, merely being classified as a sex offender does not give rise to an Eighth Amendment claim. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004), *cert. denied*, 543 U.S. 860 (2004). While Plaintiff correctly states that psychological harm can give rise to an Eighth Amendment claim, the psychological harm must result from a prison official's conduct that is very likely to cause serious injury to an inmate, such as telling other inmates that someone is a snitch. *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001).[4] In the instant case, Plaintiff has not alleged a valid Eighth Amendment claim because his allegations do not demonstrate that Defendants' conduct have denied him the bare necessities of life. *Farmer*, 511 U.S. at 834.

Finally, damage to one's reputation and harassment do not give rise to Eighth Amendment claims. *Gwinn*, 354 F.3d at 1228; *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001).

Therefore, this Court holds that Plaintiff has not stated a valid Eighth Amendment claim.

---

[4] *See also Brown* v. Narvais, 265 Fed. Appx. 734, 736 (10th Cir. 2008) (unpublished) ("[A]llegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment.").

**B. FAILURE TO STATE SIXTH AND FOURTEENTH AMENDMENT CLAIMS**

Magistrate Judge Mix addressed Plaintiff's Sixth and Fourteenth Amendment Claims together. (Doc. # 36 at 14). Magistrate Judge Mix liberally construed Plaintiff's claims and determined that he was attempting to assert a due process and equal protection challenge to his sex offender classification decision. (*Id.*) This Court agrees with Magistrate Judge Mix's construction of Plaintiff's claims and will address the recommended dismissal of each claim in turn.

    1.    <u>Failure to State a Due Process Claim</u>

Magistrate Judge Mix found that Plaintiff failed to state a due process claim because the panel that upheld his classification as a sex offender relied on sufficient evidence to reach its conclusion that Plaintiff should remain classified as a sex offender. (Doc. # 36 at 17.) Plaintiff objects, and although his objections are not models of clarity, the Court has liberally construed his arguments. (Doc. # 40.) Plaintiff appears to argue that he was not given a proper hearing, in violation of due process, because the panel relied on improper evidence. (*Id.* at 14.)

A plaintiff must make two showings in order to state a valid due process claim: (1) that he has a protected liberty interest and (2) that the procedures used to deprive the plaintiff of that interest were inadequate. *Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001). It is undisputed that Plaintiff, who is not a convicted sex offender, has a protected liberty interest in not being subjected to mandatory sex offender treatment as a precondition for parole. *Chambers v. Colo. Dep't of Corrs.*, 205 F.3d 1237, 1243 (10th Cir. 2000), *cert. denied*, 531 U.S. 962 (2000). The issue is whether the procedures Defendants applied when they reviewed Plaintiff's classification

as a sex offender were adequate.  The procedural requirements for a sex offender classification are: (1) notice of the charges; (2) an opportunity to present witnesses and evidence in defense; (3) an impartial factfinder; (4) a written statement of the factfinder of the evidence she relied on and the reasons for her decision; and (5) some evidence to support her decision.  *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004), *cert. denied*, 543 U.S. 860 (2004).  If there is "any evidence" that "could" support the conclusion the factfinder made, then the Court should uphold the decision.  *Id.* (quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985)).  Even if the evidence is "meager," the Court should uphold the decision.  *Id.* (quoting *Hill*, 472 U.S. at 457).  An incident report, for example, can meet this requirement.  *Longstreth v. Franklin*, 240 Fed. Appx. 264, 267 (10th Cir. 2007) (unpublished).

In the instant case, Plaintiff has not stated a valid due process claim.  Plaintiff appears to argue that the panel relied on insufficient evidence and deprived him a presumption of innocence as guaranteed by the Sixth Amendment.  (Doc. # 40 at 14.)  In the instant case, the panel relied on criminal charges against Plaintiff to conclude that he should remain classified as a sex offender.  The criminal charges against Plaintiff constitute "evidence" that "could" support the panel's conclusion that Plaintiff is a sex offender.  *Gwinn*, 354 F.3d at 1219.  Moreover, Plaintiff's argument that the hearing was inadequate is conclusory.  He does not state specifically why the hearing was inadequate; he instead states that it was unconstitutional and cites to inapplicable cases.[5]  (*Id.* at 7.)  The Court does not need to accept these conclusory allegations as

---

[5] Although he does claim later in his objections that he was not given notice of the hearing, an opportunity to present evidence, and a written disposition of the ruling, these claims

11

true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Therefore, the Court holds that Plaintiff has failed to state a valid due process claim.

    2.    Failure to State an Equal Protection Claim

Magistrate Judge Mix found that Plaintiff's equal protection claim failed for two reasons.  (Doc. # 36 at 18.)  First, Plaintiff did not identify any similarly-situated inmate who was treated differently from him.  (*Id.*)  Second, Plaintiff did not identify any suspect classification on which the allegedly differential treatment was based.  (*Id.*)  Although Plaintiff objected to the Magistrate Judge's recommended dismissal of his Fourteenth Amendment due process claim, he did not object to the recommended dismissal of his equal protection claim.  (*See* Doc. # 40 at 6-7.)  Therefore, the Court reviews this aspect of the Recommendation only for clear error.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  Finding no clear error, the Court concludes that Plaintiff has failed to state an equal protection claim.

**C.    DISMISSAL ON OTHER GROUNDS**

Because the Court has found that Plaintiff's claims all fail under Rule 12(b)(6), the Court need not address whether the action should be dismissed on qualified immunity, on Eleventh Amendment immunity, or under 42 U.S.C. § 1997e(e).  Likewise, the Court need not address whether the claims against the Jane and John Does should be dismissed for lack of service of process.  Therefore, the Court will now consider Plaintiff's outstanding motions: (1) "Motion for Joinder/Amend" (Doc. # 27); (2) "Motion

---

are contradicted in his Complaint.  (Doc. # 40 at 14.)  In his Complaint, for example, he states that he "told [the panel] the facts" of his situation, meaning he had an opportunity to present evidence.  (Doc. # 9 at 5.)  He also knew of the hearing before it happened and knows why the panel made its decision.  (*Id.*)

for Complete Cooperation/Part. Disc." (Doc. # 28); and (3) Motion to Appoint Legal Attorney (Doc. # 40 at 10).

**D.    PLAINTIFF'S OUTSTANDING MOTIONS**

    1.    Motion for Joinder/Amendment

Plaintiff's first outstanding motion is to join various people as defendants to this action. (Doc. # 27.) He seeks to join Ari Zavara, the Executive Director of CDOC, Gary Golder, the Director of Prisoners, and Kevin Milyard, the Warden of Sterling Correctional Facility (the "Proposed Defendants"). (*Id.*) Magistrate Judge Mix recommended the denial of this motion because Plaintiff did not allege the Proposed Defendants' personal participation required in a 42 U.S.C. § 1983 action. (Doc. # 36 at 22.) Plaintiff objects, claiming he sent all the Proposed Defendants a letter, which he argues triggers liability under § 1983. (Doc. # 40 at 8.)

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the Court and refusing to amend is "only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If an amendment would not survive a motion to dismiss, it is futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As discussed below, the Court finds an amendment would be futile in the instant case.

In order for governmental officials to be liable for unconstitutional actions under 42 U.S.C. § 1983, they must have violated the constitution through their "own individual actions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Government officials are not

13

automatically "vicariously liable for the misconduct of their subordinates." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006). The supervisor has to be "personally involved in the constitutional violation" to be liable under § 1983. *Id.* (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006)) (internal quotations omitted).

Plaintiff has not alleged the necessary link between the Proposed Defendants and the alleged constitutional violations. He claims that the Proposed Defendants should be liable because he sent them a letter notifying them of his situation. (Doc. # 27 at 1.) Receiving correspondence does not establish the personal participation required to trigger personal liability under 42 U.S.C. § 1983. *See Davis v. Ark. Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. 2004) (unpublished) (finding lack of affirmative link where the plaintiff simply copied the warden on correspondence that discussed inadequate medical care).[6]  Plaintiff has not pled that the Proposed Defendants personally participated in the alleged constitutional violations because the only actions that personally implicate the Proposed Defendants are the letters he sent them.  The Court finds that Plaintiff's proposed amendment would not survive a motion to dismiss. Therefore, the proposed amendment is futile, and Plaintiff's "Motion for Joinder/Amend" is denied.

2. Motion for Discovery

Plaintiff's second outstanding motion is for the Court's assistance in obtaining the Defendants' cooperation in discovery. (Doc. # 28.) He seeks the names of the Jane

---

[6] Although this decision is unpublished and, therefore, lacks precedential value, the Court finds the rationale persuasive.

and John Does who were either on the panel that upheld his sex offender classification, mental health therapists that refused to change his classification, or parole officers who also refused to change his classification. (Doc. # 28.) Because the Court concludes that Plaintiffs' claims against those Defendants should be dismissed on Rule 12(b)(6) grounds, the Court denies this Motion as moot.

3. Motion to Appoint Legal Attorney

Plaintiff's final outstanding motion is to appoint an attorney, at Defendants' expense, to assist him. (Doc. # 40 at 10.)[7] Because the Court concludes that Plaintiff's claims should be dismissed on Rule 12(b)(6) grounds, Plaintiff does not require an attorney. Thus, the Court denies this Motion as moot.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's objections to United States Magistrate Judge Kristen L. Mix's Recommendations (Doc. # 40) are OVERRULED.

2. The following Recommendations of United States Magistrate Judge Mix (Doc. # 36) are AFFIRMED AND ADOPTED:

   • The recommended dismissal of Plaintiff's Sixth, Eighth and Fourteenth Amendment Claims pursuant to Fed. R. Civ. P. 12(b)(6);

---

[7] Although the Court acknowledges that D.C.COLO.LCivR 7.1D prohibits motions embedded in response briefs, the Court will make a one-time exception for Mr. Quintana, a *pro se* plaintiff.

- The recommended denial of Plaintiff's "Motion for Joinder/Amend" (Doc #27);

- The recommended denial of Plaintiff's "Motion for Complete Cooperation/Part. Disc." (Doc. #28).

3. Defendants' Motion to Dismiss (Doc. # 23) is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6).

4. Plaintiff's "Motion for Joinder/Amend" (Doc. # 27) is DENIED AS FUTILE.

5. Plaintiff's "Motion for Complete Cooperation/Part. Disc." (Doc. # 28) is DENIED AS MOOT.

6. Plaintiff's Motion to Appoint Legal Attorney (Doc. # 40 at 10) is DENIED AS MOOT.

7. Plaintiff's Amended Complaint (Doc. # 9) is DISMISSED WITH PREJUDICE.

DATED: June  30 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge